**DENIED and Opinion Filed April 28, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00056-CV

## IN RE MARCOS GONZALEZ, Relator

**Original Proceeding from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-09623**

## MEMORANDUM OPINION
Before Justices Reichek, Nowell, and Miskel
Opinion by Justice Reichek

Before the Court is relator's January 19, 2023 petition for writ of mandamus wherein relator challenged an order granting real parties in interest's second motion to compel. That order was signed in the 192nd Judicial District Court by the Honorable Kristina Williams, whose term expired on December 31, 2022.

We abated this original proceeding pursuant to Texas Rule of Appellate Procedure 7.2 to allow the successor judge, the Honorable Maria Aceves, to reconsider the challenged order. We ordered the parties to file a status report and a copy of the trial court's order within ten days of any ruling by the successor judge.

On April 25, 2023, relator filed an advisory stating that on April 24, 2023, Judge Aceves held a hearing and issued an order on relator's motion for

reconsideration.[1] In the trial court's April 24, 2023 "Order on Defendant Marcos Gonzales' [sic] Motion to Reconsider," the trial court granted in part and denied in part real parties in interest's second motion to compel, ordering relator's counsel to forward the records from the trial court's in camera review to counsel by May 1, 2023. Relator also filed a supplemental mandamus record.

Accordingly, we reinstate this original proceeding.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record. *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.).

The Texas Rules of Appellate Procedure required relator to file with his petition a certified or sworn copy of every document that is material to his claim

---

[1] After we abated this proceeding, relator's counsel filed a suggestion of death, notifying the Court that Marcos Gonzalez had died. Martir Salvador Gonzalez and Maria Zoila Gomez as heirs of the estate of Marcos Gomez have appeared and filed an answer in the underlying suit. They also filed the April 25, 2023 advisory, substituting for Marcos Gonzalez as relator in this proceeding.

for relief and that was filed in any underlying proceeding. *See* TEX. R. APP. P. 52.7(a)(1). The supplemental mandamus reflects that when real parties in interest responded to relator's motion for reconsideration, they requested the trial court to take judicial notice of the court's entire file and specifically cited briefing and evidence on file with the trial court in connection with a summary-judgment motion that relator had filed. Relator did not include these summary-judgment documents in his supplemental mandamus record or indicate that he intends to include them in his mandamus record. As a result, we conclude that relator has failed to meet his burden to provide a sufficient record. *See id*.; *see also In re 1 Coventry Court, LLC*, No. 05-22-01106-CV, 2022 WL 16706975, at \*1 (Tex. App.—Dallas Nov. 4, 2022, orig. proceeding) (mem. op.).

Even if this defect did not exist, after reviewing relator's petition, relator's advisory, and the record before us, we conclude that relator has failed to demonstrate a clear abuse of discretion.[2] Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

---

[2] Relator represents that he will supplement the mandamus record with a reporter's record of the April 24, 2023 hearing. And he has asked the trial court to certify and carry forward to this Court under seal the records he tendered to the trial court in person at the April 24, 2023 hearing for her review in camera. It is not necessary, however, for this Court to delay disposition of this proceeding just to wait on our potential receipt of these materials. Based on the arguments and record before us, relator has failed to demonstrate a clear abuse of discretion for reasons that would not be affected by our receipt of these materials.

Also before the Court is relator's April 25, 2023 emergency motion for temporary stay wherein relator asks that we stay the April 24, 2023 Order. We deny that motion as moot.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

230056F.P05